## William F. Patterson v. George A. Patterson, Adm'r.

1. ADMINISTRATION OF ESTATES—*An Agreement Between Heirs as to, Held Revocable.*—The heirs of a deceased person authorized one of their number to collect all debts due the estate on account of a particular business conducted by the deceased in his lifetime, and to take full charge, management and control of such business, the agreement to continue in force for one year. *Held,* that the contract constituted such heir the agent of all the heirs, but that they or any of them could revoke it at any time before its complete execution, and that the appointment of an administrator at the instance of one of them effected such revocation.

Citation, in probate. Error to the Circuit Court of Carroll County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

J. M. HUNTER and GEO. L. HOFFMAN, attorneys for plaintiff in error.

RALPH E. EATON and JOHN D. TURNBAUGH, attorneys for defendant in error.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

The defendant in error was appointed administrator of the estate of William P. Patterson, deceased, at the instance of the widow and all the heirs, except the plaintiff in error, who is also one of the heirs. At the May term, 1896, of the County Court, a citation, under the provision of the statute, was issued against the plaintiff in error, for the purpose of obtaining the order of the court, requiring him to deliver certain books of account of the estate, then in his possession, to the administrator. Plaintiff in error defended against this proceeding, under an agreement made by the widow and heirs of the intestate, as follows:

Know all men by these presents: That we, Elizabeth Patterson, James F. Patterson, William F. Patterson and George A. Patterson, being the widow and only children and only heirs at law of William Patterson, late of the county of Carroll, and State of Illinois, deceased, hereby mutually stipulate and agree among ourselves that the said William F. Patterson is hereby authorized and empowered to collect all debts due the estate of said William Patterson, deceased, for lumber and coal only, and out of the proceeds thereof to pay all creditors who hold just claims against said estate; and that he, the said William F. Patterson, is hereby authorized and empowered to take full charge, management and control of the lumber and coal business belonging to the estate of the said William Patterson, deceased, and all business pertaining to said lumber and coal: Provided, however, that he shall make a full and complete account or statement to the other heirs herein named, of his acts and doings in that behalf, whenever required to do so by any or either of them, and shall account for any moneys or property which may come into his hands

by virtue of this agreement, to which the other heirs herein named may be at any time entitled to, either as heirs or distributees.

This contract or agreement to continue or be in force for the term of one year from date unless said business is fully closed up sooner.

Witness our hands and seals this 13th day of January, 1896.

Mrs. Elizabeth Patterson, [Seal.]
per Gap.

James F. Patterson, [Seal.]

Wm. F. Patterson, [Seal.]

G. A. Patterson, [Seal.]

The County Court ordered the books to be delivered to the administrator, and the case was removed by appeal to the Circuit Court, where a similar order in a modified form was entered, to reverse which this writ of error was prosecuted, plaintiff in error insisting that under the terms of the written agreement he is entitled to retain the possession of the books and accounts. It appears from the evidence the plaintiff in error, before proceedings were begun, had surrendered to the administrator all other property of the estate then in his custody.

The only question for this court to determine is the effect to be given to the agreement of the parties which we have quoted above. It is insisted by counsel for the plaintiff in error, the stipulation invested the latter with the independent right to conduct the business mentioned in the writing, and to collect the accounts and distribute the avails thereof after the payment of the creditors, and that there was no necessity for administration. The case of People v. Abbott, 105 Ill. 588, is referred to as controlling authority in this respect. Upon an examination of that case, compared with the facts here presented, there will be found a wide distinction. In the Abbott case, *supra*, all the debts of the estate had been paid, the property divided, and the agreement fully executed before the appointment of the administrator. Nothing remained for an administrator to do, and all that

could be accomplished by the order sought in that case, to surrender the notes then in question, would have been to enable the administrator to collect them and straightway pay the money to the parties from whom they were obtained, and this being a useless act was not required. Such are not the facts here presented. The administrator already had possession of a portion of the property, and it was necessary, to enable him to make correct and final distribution of the estate, that all of it should pass into his hands. The equitable owners of the property had the right to require this, unless the terms of the agreement they had made prevented it. Our construction of that instrument is, that plaintiff in error was thereby constituted the agent of the equitable owners of the property for the time being, to do the things with it therein stipulated, and which they or any of them could revoke at any time before its complete execution. The appointment of an administrator, at the instance of a party to the agreement, as was done, effected such revocation, and conferred legal authority on the administrator over all the estate, regardless of the agreement.

The order of the Circuit Court will be affirmed.