SELINDA W. COTTERELL, Plaintiff in Error, *vs.* JAMES T. COEN, Defendant in Error.

*Opinion filed October 28, 1910.*

1. EXECUTORS AND ADMINISTRATORS—*purpose of requiring administration.* The purpose of requiring administration of an estate is to conserve the personal assets, including the collection of debts due the decedent, to pay the debts of the decedent and to secure the proper distribution of the residue among the heirs-at-law according to the Statute of Descent.

2. SAME—*Administration act does not require administration in every case.* Section 18 of the Administration act, as amended in 1905, does not contemplate that administration must be had in every case of a person dying intestate, even though the case does not fall within the proviso to such section.

3. SAME—*when no administration is necessary.* Where the only persons interested in an estate are the heirs-at-law, who have promised the ancestor to settle the estate without administration and have carried out the agreement by having one of their number reduce the personal estate to money and pay all claims arising out of the intestate's last illness, there being no debts owing by him, no administration is necessary unless there is a disagreement

among the heirs in regard to the distribution, in which case the application must be made by one or more of the distributees.

4. SAME—*when public administrator is not entitled to letters.* Where the only service which can be performed by the public administrator is to distribute the money coming into his hands among the heirs-at-law, who are either legally competent to act or are represented by someone legally authorized to act for them, there is no authority for granting letters to the public administrator.

5. SAME—*fact that there is a minor heir does not make administration absolutely necessary.* The fact that one of the heirs-at-law is a minor does not render an administration necessary if he has a legally appointed guardian, who, acting for him and in his name, enters into an agreement with the other heirs to settle the estate without administration, in pursuance of their promise to the intestate, who owed no debts.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Richland county; the Hon. E. E. NEWLIN, Judge, presiding.

JOHN LYNCH, for plaintiff in error.

JOHN C. RITTER, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Samuel Cotterell died intestate March 13, 1908, seized of forty acres of real estate in Richland county and about $1000 worth of personal property. He left surviving him, as his only heirs-at-law, Selinda W. Cotterell, (the plaintiff in error here,) Laura J. Apgar and Rebecca A. Cartwright, his children, and Harley A. Patterson, Joseph Patterson and Earl E. Patterson, the surviving children of Mary J. Patterson, a deceased daughter. Immediately prior to his decease he requested his said children and grandchildren to settle his estate without administration, and secured from them a promise to do so. After his death a written agreement was executed by the heirs of Samuel Cotterell, in and

by which it was provided that Selinda W. Cotterell, the
plaintiff in error, should take possession of the personal es-
tate for the heirs and sell the same, pay the expenses in-
cidental to the last illness and burial of the deceased and
divide the remainder among the heirs-at-law.  This agree-
ment was signed by all the heirs except Earl E. Patterson,
who was then a minor of the age of nineteen years.  One
Edward C. Engledow was the then appointed and acting
guardian of Earl E. Patterson, and as such guardian he
signed this agreement on the part of his ward.  At the time
of his death Samuel Cotterell owed no debts except those
incurred during his last illness, and his assets consisted
of chattels readily convertible into cash.  Pursuant to the
agreement entered into, the plaintiff in error, early in the
month of June following the death of her father, reduced
all the personal property to cash and paid the expenses in-
cidental to the last illness and burial of her father.  The
sixty days provided for by section 18 of the act in regard
to the administration of estates, in which preference is
granted to the next of kin to take out letters of administra-
tion, having elapsed and no application having been made
for letters of administration by any member of the classes
preferred, James T. Coen, public administrator for Rich-
land county, at the June term, 1908, applied to the county
court for, and was granted, letters of administration as
public administrator of the estate of Samuel Cotterell, de-
ceased.  Plaintiff in error thereafter, and at said June term,
filed in the county court of Richland county her petition
asking that the letters of administration granted to Coen
be revoked and that he be removed as such administrator,
setting up in the petition the facts as above detailed.  In
addition to this she also asked that she be awarded the
notes and moneys arising from the sale of the personal
property made by her and all other personal estate of her
father which had been taken possession of by her since his

decease, under the agreement referred to. The petition was denied by the county court and plaintiff in error appealed to the circuit court, where the facts were found in the final order as they have been above detailed. By its judgment and final order the circuit court awarded to plaintiff in error the notes and moneys arising from the sale of the personal property, and all other personal estate of the deceased, directed that the letters of administration granted by the probate court to the defendant in error be revoked, that he be discharged as such administrator and that he individually pay the costs of the proceeding. The defendant in error, James T. Coen, thereupon prayed an appeal to the Appellate Court for the Fourth District, where the judgment of the circuit court was reversed, and the judgment and record of the Appellate Court are brought here by the plaintiff in error for review by writ of *certiorari.*

The questions presented for our determination are, whether section 18 of the Administration act, as amended in 1905, contemplates that administration must be had upon the estates of all persons dying intestate, except as specified in the proviso to that section; and if it does not contemplate that administration must be had in every case, whether this case is one wherein administration is not required.

The purpose and object of requiring administration to be had upon the estates of persons dying intestate is to provide for and insure, first, the conservation of all the personal assets of the estate, including the collection of all debts due the decedent; second, the payment of all the debts of the decedent; and third, the proper distribution of the residue among the heirs-at-law, according to the Statute of Descent. Administration is not necessary in every estate, and the statute applies only to those cases where it is necessary. No administration is necessary if the property of the estate is of less value than the cost of administration. We have held that administration is not necessary in the estate of a minor who died intestate at an age when

incapable, in law, of contracting any indebtedness, and that in such case the personal estate of the deceased minor vested immediately in the heirs-at-law. (*Lynch* v. *Rotan,* 39 Ill. 14; *McCleary* v. *Menke,* 109 id. 294.) And we have also held that where there are no unpaid debts and no claims or demands due the estate, and one person is the sole heir, no administration is necessary, but the heir is entitled to the immediate possession of the assets of the estate. *Lewis* v. *Lyons,* 13 Ill. 117.

In this case the petition of the plaintiff in error alleges, and the circuit court finds, that at the time of his death Samuel Cotterell owed no debts; that no persons other than the heirs-at-law have any interest whatever in his estate, and that the personal estate has all been reduced to money and all claims arising out of the expenses of the last illness and burial of Samuel Cotterell have been paid. The mere fact that more than one person is interested in the distribution of this fund does not render it any different, in principle, from the questions involved in *Lewis* v. *Lyons, supra.* It was there held that the heir would not be required to pay over the assets of the estate to the administrator for the sole purpose of distribution. Under the facts in this case the only service which the public administrator could perform would be to distribute the money coming into his hands among the heirs-at-law of Samuel Cotterell. The statute does not contemplate that administration shall be had for this purpose alone, unless some reason should be shown why administration is necessary to effect distribution. If, under such circumstances, the heirs are all qualified to act, or, being under disability, have some one legally qualified and responsible, under the law, to act for them, and there is no dissension among them as to the amount to be distributed or the manner of distribution, there is no occasion for administration. Only in case of disagreement among them would the court be warranted in issuing letters

of administration, and then only· on application of some one or more of the distributees.

It is objected that as one of the heirs of Samuel Cotterell is a minor and incapable of entering into any contract the agreement made among the heirs is not binding, and that, upon the minority of this heir appearing to the probate court, it was the duty of the court, under our statute, to issue letters of administration upon the petition of the public administrator. It appears from this record that this minor already had a duly appointed and acting guardian, and this guardian, acting for him and in his name, entered into the contract in question. It was the duty of the guardian to protect the interest and estate of his ward and to collect for the ward his distributive share in the estate of his grandfather. Whether the guardian of this minor would faithfully perform his duty in this respect was no concern of the public administrator, and that situation could give him no such interest as to entitle him to take out letters of administration upon his own petition. Should the guardian be derelict in his duty or fail to secure for his ward his proper ·share from the estate of the deceased, it was a matter that he must answer for to his ward upon a final accounting. Our Administration act is only meant to apply in cases where administration is necessary, but under such facts as are disclosed here there can be no necessity for an administrator. "The law does not make it indispensable that every estate should be administered merely for the sake of administration." *People* v. *Abbott,* 105 Ill. 588.

The judgment of the Appellate Court is reversed and the judgment of the circuit court affirmed.

*Judgment reversed.*