**Louis J. Bremer, Administrator of the Estate of Hilary Shircliff, Deceased, Appellee, v. Lake Erie & Western Railroad Company, Appellant.**

### Gen. No. 7,668.

1. NEGLIGENCE—*actual notice of person in danger not essential where conduct is reckless.* Where the act complained of which causes the injury or death of a person indicates a reckless disregard of life or limb or of the property of others, actual knowledge of the presence of specific persons or property is not an essential element in fixing liability, but it is only the knowledge of the probability of the presence of persons or property that might be injured, which becomes pertinent to characterize the act.

2. RAILROADS—*recklessness toward persons stealing rides.* Where a trespasser riding on the engine of a train was killed in a collision with another train the engineer of which, disregarding the signal to stop, ran by a station at full speed, if the act of such

engineer was of such a reckless character as to justify the inference of disregard of life or of a general disposition to do injury, it furnishes a legal basis for recovery for his death whether or not the engineer or the company had specific knowledge of his presence on the other train.

3. APPEAL AND ERROR—*conclusiveness of jury findings on Appellate Court on appeal.* In a negligence case where the jury found under the instructions of the court that defendant's engineer, in disregarding a stop signal and running at full speed past a station to a point where he collided with another train, was wilful and wanton as charged in the declaration the Appellate Court would not be warranted in saying that they were not justified in reaching that conclusion from the evidence.

4. ESTATES OF DECEDENTS—*collateral attack on letters in suit for wrongful death.* Where the appointment of an administrator appears upon its face to have been in conformity with the statute a defendant in a suit brought by him for damages for the wrongful death of his intestate is not in a position to attack the legal propriety of the appointment collaterally.

5. SAVING QUESTIONS FOR REVIEW—*necessity of objection to argument of counsel.* Where alleged prejudicial and inflammatory remarks of counsel were not objected to in the court below they are not before the Appellate Court for review.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed April 30, 1924.

H. M. STEELY and H. M. STEELY, JR., for appellant; JOHN B. COCKRUM and J. G. McKAY, of counsel.

CLARK & HUTTON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought in the Circuit Court of Vermilion county by the appellee, Louis J. Bremer, as administrator of the estate of Hilary Shircliff, deceased, for the benefit of the widow and next of kin of the deceased, against the appellant, Lake Erie & Western Railroad Company, to recover damages for the death of the deceased, whose death, it is alleged,

was caused by wilful and wanton negligence.   There was a trial by jury which resulted in a verdict and judgment for appellee for $5,000.   This appeal is prosecuted from the judgment.

The evidence in the record tends to show that the deceased, Shircliff, whose home was in Templeton, Indiana, was riding on the engine of one of the appellant's eastward bound freight trains on Sunday October 15, 1922, when this train came into collision with another of appellant's freight trains running westward, the point of collision being between Rankin and East Lynn, stations of appellant's line.   In this collision the deceased was killed.   The evidence tends to show that the deceased had been in the appellant's employ as a section hand at Templeton, Indiana; and that he had come to the appellant's yards at Rankin to get other employment; and not having secured any, had mounted the freight train in the yards at Rankin to return to Templeton, which was a station on appellant's line in Indiana; and that he was not discovered by the engineer in charge of the engine which he had boarded until just before the collision.   The evidence also tends to show that the collision was caused because the engineer of the westbound freight train disregarded the block signal at East Lynn which required him to stop his train at that station, and get orders before proceeding further; and that instead of stopping, he ran by the station without slacking his speed, at the rate of about 35 miles per hour, to the point where the collision occurred.   It is alleged in the first, second and fourth additional counts, as a basis for recovery, that the engineer wilfully disregarded his duty to look for the signal; and wilfully disregarded his duty to stop at East Lynn; and recklessly, wilfully and wantonly ran the train by the station at a dangerous rate of speed to the point where the collision occurred, and that the collision occurred in consequence thereof, thereby causing Shircliff's death.

It is contended by appellant that the deceased was not on the train rightfully, or by invitation from any one, nor with the knowledge or consent of appellant, nor of its officers, agents, or employees; and that he was therefore a trespasser; and being a trespasser, appellant owed him no duty except not to wilfully injure him, *after his presence on the train had been discovered.* The general rule concerning liability for an injury to trespassers on cars of a railroad is stated in Elliott on Railroads to be as follows: "That the railroad company owes them no duty, except not to wilfully injure them; and this rule applies to those who are attempting to steal a ride, or otherwise trespass upon the company's cars." 3 Elliott on Railroads, sec. 1252. The rule as above stated has been repeatedly recognized and adopted by courts of review in this state, and it may be pointed out that it does not contain the qualification contended for by the appellant that the person causing the injury must have had knowledge of the presence of the trespasser, before he can be held liable. The rule with reference to knowledge of the presence of a trespasser, or his discovery, previous to the act of injury, arises in a different legal situation than the one under consideration. The cases where the matter of knowledge or discovery of the trespasser have been held to bear upon the question of liability have usually been those where the trespass was committed on the railroad track, or right of way of a railroad company; and the element of knowledge of the presence of a trespasser has been considered in determining whether or not the person whose act caused the injury was or was not chargeable with an additional duty in that situation, namely, the duty not to injure him, *if by the exercise of reasonable care this could be avoided.* *Wabash R. Co. v. Jones,* 163 Ill. 167; *Peirce v. Walters,* 164 Ill. 560; *Illinois Cent. R. Co. v. Noble,* 142 Ill. 578. But where the act complained of, which

causes the injury or death, indicates a reckless disregard of life or limb or of the property of others, actual knowledge of the presence of specific person or property is not an essential element in fixing liability, but only knowledge of the probability of the presence of persons or property that might be injured; and this becomes pertinent as a matter of evidence to characterize the act. As was said in *Wabash R. Co. v. Jones, supra:* "It may be conceded that there are cases where evidence of the character in question may be admissible for the purpose of determining the nature of an act. The fact of general use by the public of a track, so as to create a probability of their presence, might make an act which would otherwise be merely negligent so reckless as to indicate a disregard for life or a general disposition to do injury." The same doctrine is held in *Illinois Cent. R. Co. v. Godfrey,* 71 Ill. 500; *Illinois Cent. R. Co. v. Leiner,* 202 Ill. 624; *East St. Louis Connecting Ry. Co. v. O'Hara,* 150 Ill. 580; *Neice v. Chicago & A. R. Co.,* 254 Ill. 595. We conclude therefore that if the alleged act of the engineer on the westbound train in not regarding the signal to stop, and instead of stopping, ran by the station at full speed, was of such a reckless character as to justify the inference of disregard of life, or of a general disposition to do injury, it furnishes a legal basis for recovery whether the engineer or the company had specific knowledge or not of the presence of Shircliff on the other train. The jury, under the instructions of the court, found by their verdict that the conduct of the engineer was wilful and wanton, as charged in the declaration; and this court would not be warranted in saying that the jury were not justified in reaching that conclusion from the evidence.

It is contended as a ground for the reversal of the judgment that the appointment of the appellee as administrator of the estate of the deceased was not

legal; and that therefore he cannot maintain this suit. It is sufficient to say in reference to this contention that the appointment of the appellee upon its face appears to be in conformity with the statute; Cahill's Ill. St. ch. 3, ¶ 18; *Chicago & Alton R. Co. v. Smith,* 77 Ill. App. 492; and that the appellant is not in position to attack the legal propriety of the appointment collaterally. *Walker v. Welker,* 55 Ill. App. 118; *Brink's Express Co. v. O'Donnell,* 88 Ill. App. 459; *Missouri Pac. Ry. Co. v. Bradley,* 51 Neb. 596, 71 N. W. 283.

Error is also assigned on the giving of the instructions for the appellee, and the modifications and refusal of some of the instructions for the appellant. We are of opinion that the instructions given for appellee were substantially correct in stating the law as applicable to the facts of the present case; and that the modifications made in the appellant's instructions, and the refusal of those which were refused by the court, were in accordance with the principles announced in the authorities cited. Complaint is made of certain remarks of counsel as prejudicial and inflammatory; but the remarks complained of were not objected to in the court below and hence are not properly before us for review.

We find no reversible error in the admission or rejection of evidence; and are of opinion that the amount of the damages fixed by the jury is not excessive, considering the proof of the pecuniary loss sustained by the widow and next of kin. The judgment is affirmed.

*Affirmed.*