## Gregory T. Van Meter, Administrator of the Estate of Carrie Mitchell, Deceased, Appellee, v. Illinois Merchants Trust Company, Appellant.

### Gen. No. 30,488.

1. ESTATES OF DECEDENTS—*necessity of administration where funeral and burial costs exceed assets.* Where the only estate of a decedent was a bank deposit of $355, and the fair and reasonable cost of the funeral and burial of the deceased was $367, the appointment of an administrator for her estate was wholly unnecessary.

2. ESTATES OF DECEDENTS—*sufficiency of affidavits of merits and of set-off in administrator's action to recover assets of decedent.* Where in an action by a public administrator to recover the amount of a deposit of the deceased with the defendant bank, the defendant, by affidavits of merits and of set-off, showed that the reasonable cost of the funeral and burial of the deceased exceeded the amount of such deposit, that the indebtedness to the undertaker for such cost was incurred at the request of the decedent's sister, her sole resident heir at law, and that at the request of such sister and undertaker defendant had paid over to such undertaker the amount of such deposit, it was error to strike the affidavits aforesaid and to enter judgment for plaintiff.

Appeal by defendant from the Municipal Court of Chicago; the Hon. F. B. ALLEGRETTI, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Reversed and judgment of *nil capiat* entered. Opinion filed March 2, 1926.

McCULLOCH & McCULLOCH, for appellant; GROVER C. McLAREN and WILLIAM D. DOGGETT, of counsel.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, as public administrator, sued to recover $355 which Carrie Mitchell, at the time of her death, had on deposit with the defendant bank. The trial court struck the affidavits of merits and of set-off from

the files, and defendant electing to stand by them, the court found against it and entered judgment in favor of plaintiff for $355, from which defendant appeals.

The question for determination involves the respective rights of the public administrator and the defendant bank, where the entire estate of deceased is deposited with the bank and is used for the reasonable expenses of the funeral. Plaintiff has filed no brief.

The allegations of the affidavits of merits and of set-off are virtually the same. The affidavit of set-off is as follows:

"Defendant alleges that the body of plaintiff's intestate, Carrie Mitchell, was, at the instance and request of one Lizzie Mitchell, a sister of said decedent, embalmed and prepared for burial by one Ernest H. Williamson, an undertaker of Chicago, Illinois, who also furnished clothing, casket, grave-box, chapel, hearse, carriages, transportation and other incidentals in and about the funeral and burial of said decedent, and charged therefor the sum of Three Hundred and Sixty-seven Dollars ($367), which was the fair and reasonable price and value of the materials furnished and the services rendered at that time, to wit, on or about May 21, 1924, in said City of Chicago; that the said Ernest H. Williamson and Lizzie Mitchell, upon learning that there was on deposit with defendant, to the account and credit of said Carrie Mitchell in her lifetime, the sum of Three Hundred and Fifty-five Dollars ($355), applied to defendant for payment of the funeral expenses aforesaid, the said Lizzie Mitchell representing to defendant that the said decedent was unmarried; that her only heirs at law and next of kin, besides the said Lizzie Mitchell, were three (3) brothers who resided in the State of Arkansas, and were all of age; that decedent left no estate other than said bank deposit; that no cause for administration thereupon existed, and that the bill and claim of the said Ernest H. Williamson for the funeral expenses

aforesaid were fair, just and unobjectionable; that, acting upon said representations of said Lizzie Mitchell, sister and heir of said decedent, and it further appearing that said funeral expenses, being fair and reasonable, due and owing, ought to be paid, and that it was the duty and right of defendant under said circumstances to apply the aforesaid sum in its hands belonging to the decedent's estate to the payment thereof, defendant did pay and expend said sum of Three Hundred and Fifty-five Dollars ($355), on behalf of and for the use and benefit of the estate of said Carrie Mitchell, deceased, and her administrator or personal representative, to the said Ernest H. Williamson, on account of said funeral expenses, which constitute first-class and prior claims and demands against the plaintiff, according to law.

"Wherefore, defendant says that it is not indebted to the plaintiff herein in any sum of money whatsoever, but that said estate, and plaintiff as administrator thereof, is indebted to this defendant in the sum of Three Hundred and Fifty-five Dollars ($355), for moneys paid and expended for the use and benefit of plaintiff, which it offers to set off in full as against any claim of the plaintiff in this case.

"Defendant further claims for the sum of Three Hundred and Sixty-seven ($367) Dollars, due to it from the plaintiff herein, as administrator of the estate of Carrie Mitchell, deceased, by virtue of and arising out of the assignment to this defendant of the certain claim against plaintiff of Ernest H. Williamson, undertaker, which was due and owing from plaintiff herein to said Ernest H. Williamson, for materials furnished and services rendered in the matter of the funeral and burial of said Carrie Mitchell, deceased, at Chicago, Illinois, on or about the 21st day of May, 1924, which said sum was and is the usual, fair and reasonable value and charge, at that time and place, for such materials furnished and services ren-

dered; which said claim was duly assigned by said Ernest H. Williamson to this defendant, for a valuable consideration, on, to wit, the 25th day of June, 1924.

"Wherefore, defendant says that it is not indebted to plaintiff in any sum of money whatsoever, but that the plaintiff is indebted to it in the sum of Three Hundred and Sixty-seven Dollars ($367), by virtue of the aforesaid assignment, which said sum it offers to set off against any claim made by the plaintiff herein."

This presents the question, where no rights of heirs and creditors are adversely involved and the sole estate consists of an amount not in excess of the reasonable funeral expenses, which right is paramount—that of the public administrator or the right of the deceased to have the money used for a fitting burial?

The appointment of an administrator is not necessary in all cases, and if unnecessary he will not be entitled, as a matter of right, to possession of the estate. *People v. Abbott*, 105 Ill. 588.

"The purpose and object of requiring administration to be had upon the estates of persons dying intestate is to provide for and insure, first, the conservation of all the personal assets of the estate, including the collection of all debts due the decedent; second, the payment of all the debts of the decedent; and third, the proper distribution of the residue among the heirs-at-law, according to the Statute of Descent. Administration is not necessary in every estate, and the statute applies only to those cases where it is necessary. No administration is necessary if the property of the estate is of less value than the cost of administration." *Cotterell v. Coen*, 246 Ill. 410, 413.

As the affidavit of merits alleged that the fair and reasonable cost of the funeral and burial of the deceased was $367, while her only estate was the deposit of $355, the appointment of an administrator was wholly unnecessary. It is not indispensable that every

estate shall be administered merely for the sake of administration.

The right of decedent to proper and fitting burial was paramount. There are a great many authorities holding that there is a general right of every one to have a decent burial after death, and whatever estate the deceased may leave can be used for the reasonable and necessary expenses therefor. Burial usually takes place before the issuance of letters of administration, and the services of an undertaker to conduct a funeral can be legally contracted for before the issuance of letters of administration. Under certain circumstances even a stranger may contract for such funeral services and be allowed such expenses, if reasonable. *Colsen v. Colsen,* 127 Ill. App. 84. Under our statute, funeral expenses are placed in the first class of demands against the estate, and are mentioned even before costs of administration. Cahill's St. ch. 3, ¶ 71. In *Patterson v. Patterson,* 59 N. Y. 574, with an extensive citation of decided cases, it was held that funeral expenses have priority even in the absence of any statutory provision.

Under the circumstances set forth in the affidavits of merits and of set-off, the fund of deceased on deposit was properly used for funeral expenses, as requested by her sister, and the public administrator was not entitled to it.

It is stated in defendant's brief that it is a long-established and well-known custom among Chicago banks generally voluntarily to pay over, without administration, small balances to either the undertaker or heirs of depositors reported dead upon being furnished with proper affidavit, inheritance tax release, receipted funeral bills, and an undertaker's assignment. Such a custom, especially where the heirs consent, would seem to be desirable and commendable and should not be disturbed by officious intermeddling for the sake of possible administration fees. It has been

held that such fees, where needlessly made, cannot be recovered as a debt due from the estate. *People v. Abbott*, 105 Ill. 588.

The order of the trial court striking the affidavits of merits and of set-off was improper, and the judgment must be reversed. As plaintiff is not entitled to recover, the cause will not be remanded, and judgment of *nil capiat* will be entered in this court. Defendant does not ask us to enter any judgment on its set-off.

*Reversed and judgment of nil capiat entered.*

Matchett, P. J., and Johnston, J., concur.