In re Estate of Jerome Trost, Deceased.
William E. Buracker and The L. B. Price Mercantile Company, Appellants, v. Albert C. Schlipf, Administrator of the Estate of Jerome Trost, deceased, Appellee.

Gen. No. 9,062.

Opinion filed October 15, 1937.

Provine & Williams and Clark H. Miley, of Springfield, for appellants.

Roscoe C. Bonjean, of Springfield, for appellee; S. S. Du Hamel, of Springfield, of counsel.

Mr. Justice Riess delivered the opinion of the court.

Appellants filed a motion in the probate court of Sangamon county on December 7, 1936, asking that letters of administration issued by that court on November 25, 1936, to the appellee as administrator of the estate of Jerome Trost, deceased, be revoked by the court and the order of appointment set aside. The motion was denied by the probate court and by the circuit court on appeal, and this appeal then followed.

Jerome Trost, a resident of the State of Ohio, was killed in an automobile accident in Sangamon county, Illinois, on the fifth day of September, 1936. On November 25, 1936, appellee Albert C. Schlipf, public administrator of Sangamon county, filed his petition in the probate court of that county praying that letters of administration be issued to him, and therein alleged that Jerome Trost died intestate, "leaving personal property in said County of the probable value of one hundred dollars, and a claim on behalf of his estate for his wrongful death," which resulted from injuries sustained by him in Sangamon county; that he left no heirs who are residents of Illinois, and that said deceased was a nonresident.

Letters of administration were issued to appellee, and he filed suit as such administrator against the appellants in the circuit court of Sangamon county for the benefit of the next of kin, alleging that the death of Jerome Trost was caused by the wrongful acts of appellants, and that the next of kin of said deceased had suffered pecuniary damages for which the appellee sought judgment.

Paragraph 18, ch. 3, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 110.018; Smith-Hurd Ill. Rev. Stats., ch. 3, § 18, provides with reference to the public administrator as follows: That in all cases where the intestate is a nonresident, and in all cases where there is no widow, or next of kin, who, at the time of the death of said decedent is a bona fide resident of this state, administration shall be granted to the public administrator. This paragraph further provides that when the heirs are residents of this state and the estate is solvent and without minor heirs and it is desired by the parties interested to settle the estate without administration, this law shall not apply.

Plainly, under the language of this section, it is the duty of the public administrator to act when a nonresident dies intestate, leaving property in this State, if there is no relative or creditor in the State entitled to administer. *Dupee v. Follett,* 304 Ill. 166, 136 N. E. 543.

Appellee contends that none of the heirs, next of kin, creditors nor persons interested in the collection and disposition of the assets are attacking the jurisdiction of the probate court or seeking revocation of the letters issued therein. Neither of the two appellants had any interest in the estate of Jerome Trost, deceased, that would authorize them to set aside the appointment of the administrator. They were alleged debtors, but that gave them no right to petition for the removal of the administrator.

This question arose in the case of *Missouri Pac. Ry. Co. v. Bradley,* 51 Neb. 596, 71 N. W. 283, under a similar state of facts, wherein the Supreme Court of Nebraska used the following language: "The decisions of the County and District Courts are right for the reason that the railway company possessed no such interest as to authorize it to move to set aside the appointment of the administrator. The corporation is

not a creditor of the deceased, nor is it in any manner interested in preserving the assets, or in the settlement of the estate of Myers. The Company is a mere debtor of the estate and has been sued by the administrator for the recovery of money, but that gives no right to it to petition for the removal of the administrator." In the case of In re Stone's Estate, 173 Iowa 371, 155 N. W. 812, the court, on this question, says: "A person or party who fears he may be sued by the administrator has no interest which entitles him to demand the removal of the administrator. . . ." No authority directly in point has been cited by appellants to the contrary. We hold that the debtors could not raise this question by a motion to revoke the letters.

Appellants expressly concede the well settled rule of law in Illinois that this question cannot be collaterally raised by a debtor in defense of a suit brought against him by the administrator for the benefit of the next of kin. *Bremer v. Lake Erie & W. R. Co.*, 318 Ill. 11, 22, 148 N. E. 862, 41 A. L. R. 1345; *Balsewicz v. Chicago, B. & Q. Ry. Co.*, 240 Ill. 238, 88 N. E. 734; *Keystone Steel & Wire Co. v. Industrial Commission*, 289 Ill. 587, 124 N. E. 542; *Wandschneider v. Wandschneider*, 282 Ill. 286, 118 N. E. 486.

·The appellants earnestly contend, however, that there was no necessity of administration in this estate by the public administrator. The right to administer upon the estate of a deceased person dying intestate does not depend upon the size of the estate nor the value thereof.

Although this question has not been directly passed upon by the courts of review in Illinois, the trend of authorities in other States where the question was at issue hold that the value of the estate left by the deceased does not control the jurisdictional power of the court to grant letters of administration unless a minimum value is fixed by statute. This view is in

accord with the language of the Illinois statute above cited.

While authorities have been cited by respective counsel both for and against the proposition that a cause of action lodged by statute in the administrator to recover for personal injuries resulting in death is of itself a sufficient asset to justify the appointment of an administrator, we need not pass upon that mooted question in this case, for the reason that there were conceded to be personal assets of the nonresident decedent of a stipulated approximate value of $100 in the county in which letters of administration were granted.

In the case of *Anderson v. L. & N. R. Co.*, 159 S. W. 1086, it was held that an administrator could be appointed in the estate of a nonresident where the only assets belonging to the estate were valued at $35 in addition to a claim under the Lord Campbell Act for damages for his wrongful death.

In the case of *Mercer v. Dobbyn*, 91 Ind. 682, it appeared from the facts that the deceased was a traveling salesman residing in Peoria, Illinois, and that he was walking along Highway No. 50 in the State of Indiana when he was struck by an automobile and killed. At the time of his death, the decedent had in his possession "$25 in cash, one leather grip, one fountain pen, one Gillete Safety razor, one duplex razor, all of the value of $45," in addition to the claim against Charles Mercer for wrongful death of decedent. A motion was made to cancel letters of administration because of insufficient showing of an estate. The court held that the articles of personal property, although of small value, were sufficient to uphold the appointment of an administrator.

The question also arose in *Missouri Pac. Ry. Co. v. Bradley*, 51 Neb. 596, 71 N. W. 283, where letters of administration were issued to a resident of Missouri.

The petition for letters showed that the decedent left an estate of $4 in money and also a claim to a right of action for damages against the railroad company for injuries occasioning the death of one Charles L. Meyer. A petition was filed to revoke letters of administration. The court, in passing upon the question of the right to revoke such letters of administration, used this language: "It is true, exclusive of the claim against the Company they were not of great value, but that is wholly an immaterial consideration so far as the question of jurisdiction is concerned."

The Kansas Supreme Court in the case of *Cox v. Kansas City,* 86 Kan. 298, 120 Pac. 553, sustained a grant of letters of administration upon the estate of a nonresident decedent where it was obvious that the primary purpose of the appointment was to provide a plaintiff for the prosecution of a death claim, where the only other property left by deceased in the State in addition to the statutory right of action was a suit of clothes worn by him and valued at one dollar and fifty cents, although the same court had previously held in *Mallory v. Burlington & M. River Co.,* 53 Kan. 557, 36 Pac. 1059, that letters of administration were invalid when the apparent purpose for which they were issued was to enable the administrator to bring an action for the wrongful death of his nonresident intestate who left no property in that State.

To the same effect is the holding of the Federal Court that money found upon the body of an unknown person upon the high seas, which has come into the registry of the United States District Court, will give jurisdiction for administration by the public administrator of the county in which it is located. *United States v. Tyndale,* 116 Fed. 820, 54 C. C. A. 324.

The dictum of the court in *Cotterell v. Coen,* 246 Ill. 410, 92 N. E. 911, cited by appellant, is not applicable here since the deceased, Cotterell, was a resident of Illinois, owed no debts, all assets in his estate had been

reduced to money, and it clearly appeared that all expenses of the last illness and burial had been paid and that all adult heirs and the guardian of the only minor had signed a written agreement dispensing with administration.

In the instant case, it is not alleged nor claimed that any action by the heirs or interested parties was taken to dispense with administration. Here, a specific showing was made of the existence of personal estate of substantial value together with an alleged cause of action brought under the statute which specifically provided that this action shall be brought by and in the name of the personal representative of the deceased for the benefit of the widow or next of kin of the deceased and that the amount so recovered shall be distributed to them in the proportion provided by law. Sections 1 and 2, ch. 70, Ill. Rev. Stat. 1937.

This court in the case of *Mattoon Gas & Light Co. v. Dolan,* 105 Ill. App. 1, held that: "It has been settled by frequent decisions that the action provided for by the statute is to be in the name of the administrator, that being construed to be the meaning of personal representative, the term used in the statute."

The fact that the next of kin might settle or release such cause of action does not in the first instance affect the statutory right of the personal representative of the deceased to file this suit for their use and benefit, although any such subsequent settlement or release might be shown in defense of any suit filed thereon. A release of damages executed by an administrator appointed in one county is admissible under a plea setting up that defense in an action by an administrator, appointed in another county, to recover damages for the death of the same decedent, *Balsewicz v. Chicago, B. & Q. R. Co., supra.*

Primarily, the purpose and object of requiring administration to be had on the estates of persons dying intestate is to provide for and insure, first: the con-

servation of all the personal assets of the estate, including the collection of all debts due the decedent; second: the payment of all the debts of the decedent, and third: the proper distribution of the residue among the heirs at law, according to the statute of descent. *Cotterell v. Coen, supra.* Administration is not necessary in every estate, and the statute applies only to those cases where it is necessary; the necessity therefor being dependent upon the particular facts of each case. Unless and until the contrary appears in a direct proceeding upon objection by a party or parties interested in the administration or disposition of the estate, as heir, creditor or otherwise, the probate court making the appointment will, in the absence of fraud, be presumed to have acted within its jurisdictional power.

Here the estate was stipulated to be the sum of $100 in addition to the alleged cause of action lodged by statute in the administrator arising out of the wrongful death of the deceased. Under this state of facts, we hold that the probate court was acting within its jurisdictional powers in making the appointment. The public administrator was entitled to letters and the probate and circuit courts did not err in denying the motion to revoke the letters and set aside the order of appointment.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*