In re Estate of Peter L. Brady, Deceased.
Thelma Brady, Appellant, v. Jeanne M. Furst and Charles F. Borchers, Appellees.

Gen. No. 9,453.

Heard in this court at the May term, 1939. Opinion filed January 8, 1940.

GREEN & WHEAT, of Freeport, and ROBERT J. SCHMELZLE, for appellant.

BURRELL & BURRELL, of Freeport, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Peter L. Brady was a resident of the State of Missouri. For many years prior to his death, he was in the habit of driving his automobile from his home into the State of Wisconsin, and in doing so, drove through the State of Illinois. On September 7, 1936, while passing through Stephenson county, Illinois, he was in an auto-

mobile accident, which caused his death. His automobile collided with the automobile owned and driven by Frank E. Furst of Freeport, Illinois. Frank E. Furst was killed and Jeanne M. Furst and Eleanor McNary, the occupants of his car, were injured. Shortly after the accident (in September 1936), Vincel A. Brady, the son of Peter L. Brady, sold the automobile, which had belonged to his father, for junk, for which he received the sum of $50. He used all of the sale price of said automobile to pay doctor bills in Freeport. These bills were also paid in the month of September 1936. Shortly after the bills were paid in Illinois, the Brady heirs took out letters of administration on the estate of Peter L. Brady in St. Louis, Missouri. So far as the record shows, there was no personal property of any kind upon the body of Peter L. Brady, at the time of his death.

Peter L. Brady died leaving no heirs in the State of Illinois, but had two heirs, one a son Vincel Brady, who lived in Wyoming, and another an adopted daughter, Thelma Brady, in the State of Missouri. No administration was taken out in Illinois, on the estate of Peter L. Brady, until February 1, 1937, when Charles F. Borchers, public administrator of Stephenson county, filed his petition in the county court of said county, requesting his appointment as administrator of the estate of Peter L. Brady, and on the same day, the said Charles F. Borchers was appointed such administrator. On the same day that Charles F. Borchers was so appointed as administrator, three actions *ex delicto* were filed in the circuit court of Stephenson county, Illinois, by Florence E. Furst, executrix of the will of Frank E. Furst, deceased, Jeanne M. Furst and Eleanor McNary, respectively, each of which actions named as a defendant, Charles F. Borchers, administrator of the estate of Peter L. Brady, deceased. These actions were all filed by the law firm of Burrell & Burrell of Freeport, Illinois, who had also counseled and advised Bor-

chers in his petition for letters in the Brady estate, which petition was drawn in the Burrell office and notarized by Carrie G. Niles, a notary public employed by Burrell & Burrell as a stenographer. The suits have all been prosecuted to judgments.

On the 17th day of March, 1937, Thelma Brady, the adopted daughter and one of the heirs of the deceased, filed her petition in said Stephenson county, county court praying that the appointment of Charles F. Borchers as such administrator, be vacated and set aside and the letters so issued to him, be revoked. On the 27th day of September, 1937, Orion M. Grove, acting county judge of Stephenson county, Illinois, ordered that the appointment of Charles F. Borchers as such administrator of the estate of Peter L. Brady, be vacated and set aside and that the letters of administration be revoked. On the same day, Jeanne M. Furst who claimed to have an action for damages for personal injuries against the estate of Peter L. Brady, deceased, appealed from the order of the county court, revoking the letters of administration issued to Charles F. Borchers, to the circuit court of Stephenson county. On January 5, 1939, the circuit court ordered and decreed that the order of the county court revoking the appointment of Charles F. Borchers, be overruled and that said appointment be in all respects affirmed. It is from the order of reinstatement of Charles F. Borchers as such administrator, that the appellant herein, perfected an appeal to this court.

The appellees have heretofore filed a motion to dismiss the appeal, stating numerous grounds to sustain their motion. The motion was taken with the case and the same is hereby overruled. The appellees state in their printed brief (and the appellants concur in the statement), "The sole question in this case is the legality of the appointment of the public administrator." This, we take it, is the only issue involved in this case. The learned counsel, either for the appellant or ap-

pellee, has been unable to find any case, either in our own State, or other States, where this precise question has ever been passed upon. The most recent expression of either our Supreme or Appellate Courts, which have passed upon similar questions, is the case of *In re Estate of Trost,* 292 Ill. App. 60. There are several cases, both in our own State and other States, which have sustained the propositions of law, as laid down by the Appellate Court in that decision. In all of the cases which have been called to our attention, the party was a nonresident, but killed in the State of Illinois, leaving a small amount of personal property. The public administrator was appointed to administer the estate and would then sue someone for the wrongful death of the decedent. The person sued attempted to have the suit dismissed because there was no necessity for the administration of the estate. The courts have uniformly held that this is a collateral attack upon the order of the probate court in granting letters of administration and such appointment cannot be so attacked. Our attention has not been called to any case where there has been a direct attack on such administration where the courts have held that it was valid.

In the case of *Cotterell v. Coen,* 246 Ill. 410, our Supreme Court in discussing the purpose and object of requiring administration, use this language: "The purpose and object of requiring administration to be had upon the estates of persons dying intestate is to provide for and insure, first, the conservation of all the personal assets of the estate, including the collection of all debts due the decedent; second, the payment of all the debts of the decedent; and third, the proper distribution of the residue among the heirs-at-law, according to the Statute of Descent. Administration is not necessary in every estate, and the statute applies only to those cases where it is necessary. No administration is necessary if the property of the estate is of less value than the cost of administration. We have held that

administration is not necessary in the estate of a minor who died intestate at an age when incapable, in law, of contracting any indebtedness, and that in such case the personal estate of the deceased minor vested immediately in the heirs-at-law. (*Lynch v. Rotan,* 39 Ill. 14; *McCleary v. Menke,* 109 id. 294.) And we have also held that where there are no unpaid debts and no claims or demands due the estate, and one person is the sole heir, no administration is necessary, but the heir is entitled to the immediate possession of the assets of the estate. *Lewis v. Lyons,* 13 Ill. 117."

In the case of *Dupee v. Follett,* 304 Ill. 166, p. 168, we find this language: "We cannot agree that the statute is mandatory in all cases where the heirs have not exercised their right within sixty days. It was decided by this court in *Cotterell v. Coen,* 246 Ill. 410, that the public administrator had no right to be appointed administrator of Cotterell's estate although more than sixty days had elapsed since the death of the intestate, and his children and grandchildren, his only heirs, had not exercised their right to nominate an administrator. In that case the adult heirs and guardian of the minors had agreed to settle the estate without administration and never at any time requested the appointment of an administrator. This court said they might do that; that the statute did not contemplate that all estates must be administered, and that the public administrator had no right to the appointment."

Later in *Martin v. Central Trust Co.,* 327 Ill. 622 at 633, the court in discussing the purpose of the administration act have this to say: "Although the purpose of our Administration act is to facilitate the early settlement of estates, it is not always necessary. It is competent for all the heirs of the deceased person, if they are of age, to settle and pay the debts of the deceased and divide the property among themselves without the intervention of any administration whatever, and neither a debtor nor a creditor has a right to com-

plain.'' Following this is a number of Illinois citations, among them being *Cotterell v. Coen*, 246 Ill. 410.

In the case of *People v. Abbott*, 105 Ill. 588, the court in discussing administration. of estates says, that the probate court in allowing claims against the estate, is not limited to the technical legal rights of the parties, but should act upon their equities also, and that in granting administration in an estate, it should also exercise equitable power in so acting. On page 593 of the opinion, we find this language: " 'We concur fully with the Supreme Court of Pennsylvania, in *Walworth v. Able*, 52 Penn. 370, and with the Supreme Court of Missouri, in *Farrar v. Dean*, 24 Mo. 16, that where there are no debts at the time letters of administration are granted, and no question of distribution requiring the intervention of an administrator, the expenses of administering,—the result of unnecessary interference,—can not be regarded such a debt as would justify a proceeding to sell the lands. Such costs and expenses are not due by the deceased, and only arise from the officious and unnecessary intermeddling of the administrator.' '' If this be sound, it must necessarily rest upon the principle that in such case there was no legal necessity for the appointment of the administrator, for if there was a legal necessity for his appointment, the consequent costs would, manifestly, be a legal charge against his estate; but there being no debts to pay, and no personal estate to distribute, there was nothing for an administrator to do. Under the facts found, there was as little here for an administrator to do, as there. The debts were all paid by the husband, and he was the sole heir of the personal property. Being in possession, there was no need of an administrator to obtain possession. It is true an administrator is the proper party to sue upon notes payable to the intestate, as held in *Leamon v. McCubbin*, 82 Ill. 263; but where no such suits are to be brought, there can, of course, be no necessity for an administrator for that purpose.

Other cases of like effect are *VanMeter v. Illinois Merchants Trust Co.*, 239 Ill. App. 618; *Bremer v. Lake Erie & Western R. Co.*, 234 Ill. App. 105. One of the cases relied upon by the appellees, the late case of *In re Estate of Trost*, 292 Ill. App. 60, recognizes this principle of law, for on page 68 of the opinion we find the following: "Administration is not necessary in every estate, and the Statute applies only to those cases where it is necessary; the necessity therefore being dependent upon the particular facts of each case, unless and until the contrary appears in a direct proceeding upon an objection by a party or parties interested in the administration or disposition of the estate, as heir, creditor or otherwise, the probate court making the appointment will, in the absence of fraud, be presumed to have acted within its jurisdictional power."

In the present case, the petition filed by the public administrator for letters of administration on the Peter L. Brady estate was in the proper form and the court properly appointed the public administrator in said estate. The adopted daughter of Peter L. Brady, deceased, came into the county court of Stephenson county and made a direct attack upon the legality of such administrator, claiming at the time, that Charles F. Borchers was appointed administrator of the estate, that there was no property whatsoever, in the State of Illinois, to be administered upon; that the automobile belonging to Peter L. Brady at the time of his death, had been sold and that the proceeds had been used by the heirs to pay the debts of the estate of Peter L. Brady, and at the time the letters were granted, there were no debts whatsoever, of the estate of Peter L. Brady in the State of Illinois. The proof upon the hearing before the circuit court sustained all the allegations of the appellant's petition. The evidence shows without any question, that the insurance policy mentioned in the petition for administration at the time the

petition was filed for letters of administration, was not in the State of Illinois, and so far as the records show, never had been and it was not upon the person of Brady at the time he was killed. There was no personal property in the State of Illinois, and no debts of the decedent at the time the petition was filed for letters of administration.

It is our conclusion that the circuit court erred, in reversing the order of the county court of Stephenson county vacating and setting aside the appointment of Charles F. Borchers as administrator of the estate of Peter L. Brady, deceased, and revoking said letters of administration.

The judgment of the circuit court of Stephenson county is hereby reversed.

*Reversed.*