IN RE ESTATE OF FANNIN.

[Cite as In re Estate of Fannin (1970),
24 Ohio App. 2d 1.]

(No. 844—Decided March 9, 1970.)

*Messrs. Curtner, Selva, Parkin & Seller* and *Mr. Clifford R. Curtner,* for appellant.

*Messrs. Withrow & Ratchford* and *Mr. Jack W. Hutton,* for appellee.

KERNS, P. J. On or about September 30, 1967, Frederick Fannin met his death while performing work for his employer on the premises of the Dayton Fabricated Steel Company.

On or about October 13, 1967, Edith M. Fannin, appellee herein and surviving spouse of Frederick Fannin, was

duly appointed as administratrix of her deceased husband's estate by the Probate Division of the Court of Common Pleas of Darke County, Ohio.

Some time after her appointment, the administratrix moved to the state of Michigan. On September 3, 1968, she commenced an action in the United States District Court, Southern District of Ohio, at Dayton, Ohio, against the Dayton Fabricated Steel Company praying for damages for the wrongful death of her husband and for medical and funeral expenses incurred by reason of the death.

The jurisdiction of the federal court was based upon diversity of citizenship between the administratrix, then residing in Michigan, and the Dayton Fabricated Steel Company, a corporation organized under the laws of the state of Ohio.

On October 30, 1968, the appellant, as defendant in the U. S. District Court action, filed a motion to dismiss for the reason that there was no diversity of citizenship as required by law.

The district court overruled the motion on December 6, 1968, holding, in substance, that the defendant was not within the class of persons that R. C. 2109.21 was intended to protect and that the appointment by the Probate Court of Darke County could not be collaterally attacked in a separate and distinct proceeding such as a wrongful death action.

Thereafter, on February 28, 1969, the appellant filed a motion in the Probate Division of the Common Pleas Court of Darke County seeking the removal of Edith M. Fannin as administratrix of her husband's estate for the reason that she had abandoned her residence in the state of Ohio. This motion was predicated upon the language of R. C. 2109.21 which provides that an administrator shall be removed on proof that he is no longer a resident of the state of Ohio.

On March 11, 1969, the appellee herein filed a motion to strike the appellant's motion from the files for the reason that the appellant was not a real party in interest and had no standing to challenge the administration of the de-

cedent's estate. Thereupon, the Probate Court found that all the probate assets of the estate had been administered and that the only reason for holding the estate open was because of the pending wrongful death action. The trial court found further that the appellant was not within the class which could invoke the protection of R. C. 2109.-21 and hence, had no standing to file any such motion.

The present appeal stems from the action of the trial court sustaining the appellee's motion to strike.

In support of this appeal, the appellant relies principally upon the language of R. C. 2109.21 and we agree that the court is not without the authority to remove a nonresident administrator upon the motion of an *interested party* or upon its own motion.

However, the critical issue in this appeal, and the only issue of any consequence, is whether the appellant may invoke the statute to challenge the validity of the appellee's letters of administration.

Significantly, the Dayton Fabricated Steel Company is not an heir, next of kin, a beneficiary or a creditor of the estate. Its "interest," rather, finds its genesis in the U. S. District Court and springs directly and exclusively from the wrongful death action. It does not relate to the administration of the estate. In fact, from the standpoint of the probate proceeding, with which R. C. 2109.21 is concerned, the interest of the appellant cannot readily be distinguished from that of the general public.

We have been unable to find any case in Ohio which interprets R. C. 2109.21 in the light of the circumstances of the present case, and the authorities in other jurisdictions are not particularly helpful because of statutory distinctions. However, the case of *In re Trost's Estate* (1937), 292 Ill. App. 60, 10 N. E. 2d 857, has many similar characteristics, and in that case, the court held that the parties against whom the administrator had instituted a wrongful death action did not thereby have such interest in decedent's estate as debtors as would entitle them to question, by motion to revoke letters of administration, the court's jurisdiction in appointing an administrator.

See, also, 33 Corpus Juris Secundum 1020, Section 85; 33 Corpus Juris Secundum 1038, Section 91; 31 American Jurisprudence 2d 76, Section 116.

In our opinion, the appellant has no protectable interest in the probate proceeding, and the authority of the administratrix, though voidable at the instance of a proper party, is not subject to attack by a party who has no real interest in the administration of the assets of the estate.

Accordingly, the judgment of the Probate Division of the Court of Common Pleas of Darke County will be affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.