WILLIAM WILCKE, Defendant in Error, *vs.* CHARLES HEN-
ROTIN, Receiver, Plaintiff in Error.

*Opinion filed June 16, 1909—Rehearing denied October 14, 1909.*

1. NEGLIGENCE—*intoxication does not bar recovery nor relieve person from exercise of due care.* The fact that a person may be intoxicated does not relieve him from the duty of exercising ordinary care for his safety, nor does it, of itself, bar his right to a recovery in case he is injured.

2. INSTRUCTIONS—*effect where instructions for both parties ignore question of intoxication.* If there is evidence tending to show that the plaintiff in a personal injury case was intoxicated at the time of the injury, the instructions upon the subject of due care should state that he was required to exercise the same degree of care for his own safety that an ordinarily prudent person would have exercised, under the same circumstances, who was in full possession of all his powers and faculties; but if the defendant's instructions upon that subject ignore the question of intoxication, he cannot complain, on appeal, that the plaintiff's instructions have the same defect.

3. LIMITATIONS—*when amendment does not set up a new cause of action.* Where a suit against a named person, "receiver of" a certain street railway, is, in fact, against such person in his official capacity as receiver, and he appears by counsel and pleads to the declaration, an amendment of the declaration, *præcipe* and summons by inserting the word "as" before "receiver" is proper and does not amount to setting up a new cause of action.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

MAYER, MEYER & AUSTRIAN, for plaintiff in error.

WING & WING, and FRED W. BENTLEY, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

William Wilcke recovered a judgment in the circuit court of Cook county for $10,000 against Charles Henrotin, as receiver of the Chicago Electric Traction Company, on account of personal injuries received by plaintiff below on September 7, 1903, while a passenger on one of the street cars then being operated by the defendant. The judgment of the circuit court having been affirmed by the Appellate Court, the receiver has sued out a writ of error for the purpose of bringing the record into review in this court.

The errors relied on for a reversal are, that the court erred in instructing the jury as to what constituted ordinary care on the part of defendant in error, and in sustaining a demurrer to the plaintiff in error's plea of the Statute of Limitations.

The suit was instituted on December 29, 1903, by defendant in error against "Charles Henrotin, *receiver* of the Chicago Electric Traction Company." The original declaration, filed on March 11, 1904, contains four counts, and charges that the defendants, "Charles Henrotin, *receiver,* and the Chicago Electric Traction Company," were jointly the owners and operators of the street car line and street car upon which plaintiff was riding at the time of the accident; that plaintiff became a passenger upon said street car and that said defendants did not exercise due care in the carriage of said plaintiff, and that while said plaintiff was exercising due care for his own safety said defendants negligently ran, managed and operated said street car, as a result whereof plaintiff was thrown from said street car and was permanently injured and disabled. The second,

third and fourth counts of the declaration also alleged the joint operation of the car by the defendants at a high and dangerous rate of speed while passing over a reverse curve, and that said curve was negligently maintained, and that said defendants, by their said servants, negligently ran and operated the street car upon which the plaintiff was riding, over said reverse curve. On September 22, 1904, the plaintiff filed four additional counts to said declaration, of the same general purport as the original counts, except that in the additional counts the location of the accident was more specifically stated. To this declaration the defendants below pleaded the general issue. On August 23, 1906, the plaintiff below obtained leave to amend the declaration and the additional counts, and also the *præcipe* and summons, by inserting the word "as" after the name "Henrotin" and before the word "receiver" wherever the same occurred. To the declaration thus amended defendants below again pleaded the general issue, and Charles Henrotin, as receiver, filed a further plea of the Statute of Limitations, relying on the claim that the amendment to the declaration stated a new cause of action. To this special plea the court sustained a demurrer, and Henrotin, as receiver, preserved an exception, and the ruling of the court in sustaining the demurrer to this plea is the subject of an assignment of error in this court. At the close of the evidence for the plaintiff below the court directed a verdict in favor of the Chicago Electric Traction Company, and afterwards plaintiff again amended his declaration by discontinuing the cause as to the Chicago Electric Traction Company and by substituting the word "defendant" for "defendants" wherever the same appeared in the declaration. The latter amendment was made after the case was tried and after the verdict of the jury had been rendered and while the motion for a new trial was pending.

There is no serious conflict in the evidence. On the day in question, which was Labor Day, about nine o'clock

in the evening, defendant in error boarded an open street car in Blue Island with his wife and some friends to go to his home. Defendant in error and a Mr. Benjamin took the first seat in the rear, which afterward they surrendered to their wives, and there being no other vacant seats, the defendant in error stood up on the rear platform, facing toward his wife. While in this position the car, running at a high rate of speed down an incline, encountered a sharp reverse curve, which caused the car to sway so violently and suddenly as to throw defendant in error off the car on to to the pavement, inflicting very serious injuries.

There was some evidence tending to prove that defendant in error took a drink with his friend Benjamin just as they were coming out of the gate to go home, and some of the witnesses expressed the opinion that defendant in error was slightly intoxicated at the time of the accident, although the clear preponderance of the evidence on this question shows that he was not intoxicated. This question is only material in connection with the contention of plaintiff in error in respect to the giving of certain instructions of which complaint is made. The instructions complained of are as follows:

"The court instructs the jury that by 'ordinary care on the part of plaintiff' the law means such a degree of care under the circumstances and in the situation in which the plaintiff was placed, so far as that may be shown by the evidence, as an ordinarily prudent man would exercise under like circumstances and in the same situation."

"The court instructs the jury that the degree of care that the plaintiff was required to exercise for his own safety at and before the time of the accident in question was ordinary care, and if the jury believe, from a preponderance of the evidence in this case, that the plaintiff, at the time of and before the accident in question, exercised the degree of care for his own safety that an ordinarily prudent person would have exercised under the same circumstances and

conditions that the evidence in this case shows surrounded the plaintiff at and before the time of the accident in question, then you should find that the plaintiff, at and before that time of the accident in question, was in the exercise of ordinary care for his own safety."

The criticism made on these instructions is, that they only required the defendant in error to exercise the same degree of care that would be expected of any other intoxicated person; that the expression in the instructions, "under the circumstances," would be understood by the jury as referring to and including the circumstance, if it existed, that defendant in error was more or less intoxicated. If defendant in error was intoxicated at the time of his injury it neither bars his right to recover nor relieves him from the duty of exercising reasonable care for his own safety. (*South Chicago City Railway Co.* v. *Dufresne*, 200 Ill. 456.) There was evidence slightly tending to prove that defendant in error was intoxicated at the time of the accident, although the fair preponderance of the evidence showed that while he had drank two or three glasses of beer, yet he was not perceptibly under the influence of liquor. The instructions complained of should have informed the jury that defendant in error was required to exercise the same degree of care for his own safety as an ordinarily prudent person would have exercised, under the circumstances, who was in the full possession of all of his powers and faculties, thus imposing on defendant in error the same degree of care that would be required of a person who was entirely sober. But we are of the opinion that the omission in these instructions should not lead to the reversal of this case, since the last instruction given at the request of plaintiff in error lays down the rule in respect to the care required of defendant in error, and that instruction omits all reference to the subject of intoxication. The error complained of in the instructions is found in the last instruction given for plaintiff in error. Under these cir-

cumstances plaintiff in error is in no position to complain of the error pointed out in the given instructions.

Plaintiff in error next contends that the court erred in sustaining a demurrer to the special plea of the Statute of Limitations to the amended declaration. The argument in support of this contention is, that the action in its original form against "Henrotin, receiver," was an action against Henrotin personally, and that when the declaration was amended so as to describe Henrotin *"as"* receiver, the action was against him in his official or representative capacity. It was stipulated on the trial that Henrotin was the duly qualified and acting receiver of the Chicago Electric Traction Company at the time of the accident and that he had full power and authority to appear and employ counsel to defend the suit, and that he had employed for that purpose the firm of Moran, Mayer & Meyer. These attorneys appeared and filed a plea to the original declaration and also to the amended declaration. There is nothing in this record from which it could have been supposed that the defendant in error was seeking to enforce a personal liability against Henrotin. Had the cause proceeded to judgment without the amendment having been made and the judgment had been rendered against Henrotin, receiver, and the record being otherwise free from error, this court would, under the authority of *McNulta* v. *Ensch,* 134 Ill. 46, have reversed the judgment and remanded the cause, as was done in that case, with directions to enter a judgment against Henrotin *as* receiver, to be paid in due course of administration. The suit was, in fact, against Henrotin *as* receiver, and not against him personally. This being true, the court below would have been authorized, after the trial, to enter a proper judgment against defendant as receiver, without reference to the formal defect in the declaration.

In *Thomas* v. *Fame Ins. Co.* 108 Ill. 91, after the policy limitation had run against an insurance policy, a suit upon which had been prosecuted in the name of Manns as plain-

tiff, the plaintiff amended his declaration and substituted the name of Thomas as plaintiff. This court held that the substitution of Thomas, as plaintiff, for Manns, after the limitation for bringing the action had run, was not the commencement of a new suit but was a continuation of the same cause of action and that the plea of the insurance company presented no defense. This court, on page 100, said: "If, then, both the action and cause of action, before and after the amendment, were precisely the same, as they certainly were, then the limitation of one year in the policy clearly presented no defense to the action, as it is conceded the original action was commenced within the year."

In *Metropolitan Life Ins. Co.* v. *People,* 209 Ill. 42, on page 48, it is said: "A mere change in a party to a suit does not, of itself, change the cause of action or ground of recovery, and unless the cause of action is a new one the amended declaration is not subject to the Statute of Limitations,"—citing *Thomas* v. *Fame Ins. Co. supra.*

In *Pennsylvania Co.* v. *Sloan,* 125 Ill. 72, an action on the case for personal injuries was brought against the defendant as the "Pittsburg, Fort Wayne and Chicago Railroad Company," and, after the Statute of Limitations had run, the plaintiff was given leave to amend by substituting the Pennsylvania Company in place of the Pittsburg, Fort Wayne and Chicago Railroad Company. The cause was continued and an *alias* summons was issued and served upon the same person upon whom the first summons had been served, in obedience to which the Pennsylvania Company appeared by the same counsel that had formerly appeared for the Pittsburg, Fort Wayne and Chicago Railroad Company and pleaded the Statute of Limitations. This court held that the identity of the action was the same and that it was not a new case against the Pennsylvania Company, and that the proceeding was merely to change the description or correct a defect in the name of a party defendant, and that the Statute of Limitations could not be invoked as

a defense. This court in that case, on page 79, said: "The defendant originally sued was called the Pittsburg, Fort Wayne and Chicago Railroad Company. As the corporation formerly known by that name was virtually defunct and existed only to wind up old business and not to attend to new business, appellant's officers and agents could not have supposed that corporation to have been the defendant intended to be sued, when service was had upon appellant's own representative in Chicago."

So we think it may be said in the case at bar. The addition of the word "as" after the name "Henrotin" and before the word "receiver" was merely for the purpose of making the declaration express in technical language the sense in which it was understood by all of the parties in its original form. When the summons was served upon Charles Henrotin, receiver of the Chicago Electric Traction Company, he must have known that he was being sued in his representative capacity. The firm of attorneys whom he had been directed by the court appointing him to employ were called in to make his defense, and they, without objection, interposed pleas for him. The suit being thus treated as a suit against Henrotin as receiver, there was no error in allowing an amendment to the declaration making it express what both parties understood it to mean in its unamended form. The amendment did not set up a new cause of action, and there was therefore no error committed in sustaining the demurrer to the plea of the Statute of Limitations.

There are no other reasons urged by plaintiff in error for the reversal of this judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*