Hazel Goff, Appellee, v. Will County National Build-
ing Corporation et al. (William M. Knutson, as
Receiver of Will County National Bank Building),
Appellant.

Gen. No. 9,637.

the February term, 1941. Heard in this court at Opinion filed July 9, 1941.

Donovan, Bray & Gray, of Joliet, for appellant.

Finn & Miller, of Chicago, for appellee; Robert S. Cook, of Chicago, of counsel.

Mr. Justice Dove delivered the opinion of the court.

Appellee recovered a judgment for $4,500 in the circuit court of Will county against William M. Knutson, as receiver, in a Federal court foreclosure proceeding, of the Will County National Bank Building, and he appeals.

Appellee was a passenger in an elevator in the building. Her suit is based on injuries she claims to have suffered by a fall of the elevator from the third floor to the basement on February 20, 1937. The building was formerly owned by the Will County National Building Corporation, and had been occupied by the Will County National Bank. Appellant was receiver of the bank by appointment of the comptroller of the currency. In a proceeding instituted by him to foreclose a trust deed on the premises in the District Court of the United States for the Northern District of Illinois, he was, by order of the court appointed receiver of the building on May 6, 1935. The building was sold in the foreclosure proceeding and the period of redemption expired on February 16, 1937, four days prior to the alleged accident, at which time appellant was still in control of the building as receiver in the foreclosure proceeding. He was also still receiver of the bank.

The suit was begun by appellee and her husband, Henry Goff. The case was dismissed as to the latter upon his own motion at the close of his testimony. The

original complaint, filed March 23, 1937, and the request for summons, named the Will County National Building Corporation as sole defendant. The return on the summons shows service upon appellant as receiver of the building corporation. On December 17, 1937, Knutson, as receiver of the Will County National Bank, was added as a party defendant, and an amended complaint was filed. The first three counts were against the Will County National Building Corporation, and the last three charged Knutson was in possession and control of the building as receiver of the Will County National Bank. An answer was filed by both defendants denying the material allegations of the amended complaint.

On March 21, 1938, responsive to interrogatories of the plaintiffs, appellant answered that he, as receiver of the Will County National Bank of Joliet, was appointed receiver of the Will County National Bank Building in the Federal court foreclosure proceeding, and that in such capacity he was in possession and control of the premises on February 20, 1937. The complaint was not further amended prior to the trial.

At the close of the plaintiff's case there were but two defendants, the Will County National Building Corporation, and Knutson as receiver of the Will County National Bank. On February 26, 1940, motions for a directed verdict on behalf of each of these defendants were allowed, and, upon appellee's motion, the title of the cause was amended so as to name Knutson as receiver of the Will County National Bank Building, as a defendant, and the amended complaint was amended by substituting the allegations that Knutson, as receiver of the building, was in control and possession thereof on February 20, 1937. No new summons was issued. Knutson, as receiver of the building, then filed a special and limited appearance and motion in the nature of a plea in abatement to dismiss the cause as to him, questioning the juris-

diction of the court on the ground that he had never been served with summons in the case nor entered his appearance except to question the jurisdiction. Appellee demurred generally. The court sustained the demurrer and denied the motion. As receiver of the building, Knutson then filed a motion in the nature of a plea of the statute of limitations. A demurrer to this motion was sustained and the motion was denied. Appellant then answered as receiver of the building, denying all material averments of the amended declaration as amended, and persisted in his claim that the statute of limitations is a bar.

. The language of the order of the Federal court is: "That William M. Knutson, Receiver of the Will County National Bank of Joliet, be and he is hereby appointed Receiver of the following described premises:" (describing them, and including the buildings). It is to be noticed that he was not appointed receiver of the building "as" receiver of the bank. The words "Receiver of the Will County National Bank" do not in any way define or limit his appointment as receiver of the building or prescribe his powers or duties as such, but are merely *descriptio personam*.

A suit against a receiver is not a proceeding against him personally, but it is in the nature of a proceeding *in rem* against the *res* which he holds in his capacity as receiver. Any judgment recovered against him is payable only from funds that are under the jurisdiction and control of the court that appointed him. (*McNulta v. Lockridge,* 137 Ill. 270, aff'd 141 U. S. 327, 35 L. Ed. 796; *Sneeden v. Industrial Commission,* 366 Ill. 552; *Kloepher v. Osborne,* 177 Ill. App. 384; 53 C. J. 363.) Under these authorities the suit against Knutson as receiver of the bank is in effect a suit against the assets of the bank, and a suit against him as receiver of the building in the foreclosure proceeding, is in effect a suit against the assets in that proceeding. The bank receivership and the building re-

ceivership were separate and distinct matters in different causes of action, each within the jurisdiction of the particular court in which it was pending, and having no relation to the other. As receiver of the building, appellant acted in a separate and distinct capacity from that as receiver of the bank, the same as if different persons were acting in the respective capacities. The record does not show that Knutson was ever receiver of the building corporation, or that he ever had possession or control of the building as receiver of the bank. The order of the Federal court finds that prior to its entry W. M. Knutson had been collecting and disbursing the rents under an arrangement with the directors of the building corporation, but that does not imply that even under that arrangement he was in possession or control of the building. So far as the record shows appellant's control and possession of the building at the time of the alleged accident was solely by virtue of his appointment as receiver of the building by the Federal court in the foreclosure proceeding.

There was never any attempt to make Knutson a party to the cause in his capacity as receiver of the building until February 26, 1940, and as such he was never served with process. His answer to the interrogatories disclosed his appointment as receiver of the building in the foreclosure proceeding and his possession and control of the building in that capacity. Nevertheless, appellee made no attempt to make him a party in that capacity until after the expiration of the limitation period.

Appellant relies upon these facts as establishing nonliability as receiver of the building. Appellee contends that appellant is the same person that was originally served with summons; that he had possession and control of the building at all times both before and during the receivership; that the building is the same building alleged in all the counts of the amended

complaint; that appellant was represented in the Federal court and in this proceeding by the same counsel; and that these facts are sufficient to establish liability.

In *Wilcke v. Henrotin*, 241 Ill. 169, cited by appellee, an original declaration named the defendant as "Charles Henrotin, Receiver," etc. An amended declaration, filed after the limitation period, inserted the word "as" between the words "Henrotin" and "Receiver." The question presented for determination was whether the defendant was sued as an individual or as receiver. The court held there was nothing in the record from which it could be supposed the plaintiff was seeking to enforce a personal liability against Henrotin, and that the suit was, in fact, against him as receiver and not against him personally. *Pennsylvania Co. v. Sloan*, 125 Ill. 72; *McNulta v. Ensch*, 134 Ill. 46, and *Ferenc v. Walden W. Shaw Auto Livery Co.* 210 Ill. App. 340, all involved analagous misnomers of the defendant intended to be sued. In the case at bar the order under which the amendment was made authorized an amendment substituting Knutson as receiver of the building in lieu of Knutson as receiver of the bank, thus recognizing the proposed amendment was a substitution of parties and not merely a change in the name of the party intended to be sued. This is further demonstrated by the order directing a verdict in favor of the receiver of the bank. The cases relied upon by appellee were where there was a change in the name of the party intended to be sued, and have no application here where it is manifest the intention was to sue the receiver of the bank, and not the receiver of the building. The mistake was not a misnomer, but was a mistake as to the party liable.

The rule in cases of misnomer, that where the real party in interest and the one intended to be sued is actually served with process, even under a wrong name, he must take advantage of the misnomer by plea in abatement, or be concluded by a judgment

against him, is not applicable where a different party, against whom a judgment is rendered, was not a party to the suit. (*County of Winnebago v. Industrial Commission*, 336 Ill. 466.)

In *Fitzpatrick v. Pitcairn*, 371 Ill. 203, affirming a judgment of this court, *Proctor v. Wells Bros Co.*, 262 Ill. 77, and *Grewenig v. American Baking Co.*, 293 Ill. App. 604, it is held that where the record shows that a certain defendant is intended to be sued, and pursuant thereto, is sued, an amendment after the limitation period, attempting to substitute a different party as defendant who was not theretofore a party to the cause, is not a case of misnomer, but is a mistake as to the identity of the party liable, and the amendment is vulnerable to a plea of the statute of limitations. In the *Grewenig* case and the *Fitzpatrick* case, *supra,* the service of summons was had upon the person who represented the defendant sued, and the party attempted to be added by amendment. In the latter case both parties were represented by the same counsel. These facts were not sufficient to uphold a judgment against the added party, and it follows that similar facts are not sufficient to uphold the judgment in this case. The cases cited by appellant are controlling here. The facts set out in the motions of appellant are a complete defense to the action and were admitted by the demurrers. It is, therefore, unnecessary to discuss the other grounds urged for reversal. The judgment of the circuit court is reversed.

*Judgment reversed.*