R. W. Lemmons, Administrator De Bonis Non, etc., et al., Appellants, v. Harvey H. Sims et al., Appellees.

Term No. 44M7.

98

Heard in this court at the October term, 1944. Opinion filed October 27, 1944. Rehearing denied July 2, 1945. Released for publication July 3, 1945.

SUMNER & LEWIS, of Lawrenceville, and O. E. LEWIS, of Olney, for appellants.

DONOVAN D. McCARTY, of Olney, for appellees.

MR. PRESIDING JUSTICE BRISTOW delivered the opinion of the court.

On April 28, 1942, Willard Sutton and his wife, Addie B. Sutton, came to their deaths as a result of an automobile accident, and on April 3, 1943, C. F. Stoll was appointed administrator of the estates of said decedents upon the application of their daughter in the county court of Lawrence county. On April 14, 1943, he filed this suit against the defendants for wrongful death of the decedents. He is described in the Letters of Administration as "Public Administrator."

The record discloses that C. F. Stoll was appointed Public Administrator of Lawrence county for a term beginning March 12, 1938, but failed to file his bond within 60 days next after his appointment, as provided by statute. Based upon this circumstance, the defendants filed a verified motion to dismiss the suit, setting up that the plaintiff did not have the legal capacity to sue in that he was not the legal Public Administrator by reason of his failure to qualify under the law.

The trial court allowed the defendants' motion on June 29, 1943. Subsequently thereto, on July 9, 1943, C. F. Stoll as administrator *de bonis non* filed a motion to set aside the order of dismissal, and for leave to be substituted as plaintiff in lieu and instead of C. F. Stoll, administrator of said estates. The defendants filed a countermotion to strike plaintiff's motion for substitution. A hearing was had, and the trial court allowed defendants' countermotion to strike plaintiff's motion for substitution of plaintiff, and thereupon entered judgment in the case for the defendants and dismissed the suit at plaintiff's costs. Subsequently C. F. Stoll died and R. W. Lemmons, who was appointed administrator *de bonis non* to succeed him was permitted to substitute as party plaintiff to take and carry on this appeal.

The plaintiff contends that regardless of the validity of the appointment of C. F. Stoll as Public Administrator of Lawrence county, he was nevertheless the duly qualified acting administrator of the estates of the decedents, and as such had proper capacity to bring the suit in question; that the suit being brought within the statutory period for the bringing of such actions was properly pending at the time he sought the substitution of C. F. Stoll, administrator *de bonis non,* as plaintiff; that by reason thereof the trial court erred in refusing to allow the substitution and in dismissing his suit. The defendants contend that the plaintiff did not have the legal capacity to sue; that he failed to

qualify as Public Administrator in that he did not file his oath and give bond within 60 days of his appointment as required by law; that the county court of Lawrence county exceeded its jurisdiction in appointing C. F. Stoll as Public Administrator, administrator of the decedent estates herein, and that the attempted substitution of C. F. Stoll as administrator *de bonis non* more than one year next after the death of the decedents was made too late so that the action was barred under the provisions of the Injuries Act of the State of Illinois.

If in this case a suit was brought within one year next after the death of the decedents by someone having the legal capacity to sue, then the plaintiff would be entitled to his day in court without question. It then becomes important for a correct decision of this case to determine, when the suit was brought on April 14, 1943, by "C. F. Stoll, Public Administrator and administrator of the estate of Willard Sutton, deceased" and "C. F. Stoll, Public Administrator and administrator of the estate of Addie B. Sutton, deceased," whether that plaintiff had such capacity.

Under our statute, the county court of Lawrence county had complete jurisdiction in all matters of the probate of decedent estates. It is the law that such a court in adjudging the administration of an estate has a jurisdiction as general as that of the circuit court. *People for use of Stough v. Danforth,* 293 Ill. App. 280.

The county court acting within the scope of its jurisdiction upon the application of the daughter of the husband and wife decedents, appointed C. F. Stoll administrator of their estates, and while it is true in so appointing him it designated him as "Public Administrator," that title added nothing and neither did it detract from the specific appointment as administrator of the respective estates of the decedents. The words "Public Administrator" are merely "descriptio personam." *Goff v. Will County Nat. Bldg. Corp.,* 311 Ill.

App. 207. That the county court appointed C. F. Stoll administrator of these estates is not questioned by the defendants. They raise the point that although so appointed the said appointment was beyond the power of the county court to make and did not amount to a valid appointment so as to constitute the appointee the actual administrator. This directly calls into question the validity of the county court's appointment and amounts to a collateral attack thereon. Since the county court has the general jurisdiction to appoint administrators, its appointments are valid and binding and not subject to collateral attack. The courts have often at great length distinguished between the power of a court to enter an order, judgment or decree and the proper exercise of that power. When a court has the power to act, it may act, even though erroneously. When it commits error, upon proper application by direct appeal the court can be reversed, but it has ever been held, and it must necessarily so be in the proper administration of justice, that where a court has the general jurisdiction to act concerning a certain matter, its actions in that regard are conclusive for all purposes in any collateral proceedings. In *Frothingham v. Petty,* 197 Ill. 418, the court said (at page 428):

"We are of the opinion that the county court complied with all the necessary provisions of the statute to give it jurisdiction over both the person and the subject matter in this proceeding, and even though mere irregularities occurred in the proceeding, such could only be urged on direct proceeding for reversal. In *Blair v. Sennott,* 134 Ill. 78, we said (p. 88): 'Having jurisdiction of the subject matter and of the person, the same presumptions in favor of the correctness of the ruling of the probate court must be indulged as in favor of circuit courts under like circumstances.' The record showing that the court had jurisdiction of the person and the subject matter to remove Steagall, such finding cannot be questioned in a collateral proceed-

ing. In the case of *Harris v. Lester,* 80 Ill. 307, this court said (p. 310): 'No principle of law is better settled than where a court has jurisdiction of the subject matter and the persons of the parties, its judgment or decree, when questioned collaterally, will be held valid, and, notwithstanding the court may have proceeded irregularly, a purchaser in good faith under its judgment or decree will be protected.' (*Bowen v. Bond,* 80 Ill. 351.)''

That this principle is true in all the fields of jurisprudence is illustrated by the following cases:

In the case of *Miller v. Rowan,* 251 Ill. 344, the court said, at page 348:

''A judgment or decree is not binding upon anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause. The court did have jurisdiction of the parties, and the appellant, who is disputing the binding effect of the decree, was one of the complainants. Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court has jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding and is not open to collateral attack. If there is a total want of jurisdiction in a court its proceedings are an absolute nullity and confer no right and afford no protection but will be pronounced void when collaterally drawn in question. *Buckmaster v. Carlin,* 3 Scam. 104; *Swiggart v.*

*Harber,* 4 id. 364; *People v. Seelye,* 146 Ill. 189; *Clark v. People,* 146 id. 348; *O'Brien v. People,* 216 id. 354; *People v. Talmadge,* 194 id. 67.''

In the case of *Jeffries v. Alexander,* 266 Ill. 49, at page 53, the court said:

''The Court sustained an objection to the decree and excluded all evidence in regard to the previous marriage. This is assigned as error. The decree of divorce was rendered by the circuit court of Marion county, and it is contended that it was void because it contained no finding that the complainant was a resident of that county. That the decree was for that reason erroneous and might have been reversed is established by the case of *Becklenberg v. Becklenberg,* 232 Ill. 120. But it does not therefore follow that it was void and could be wholly disregarded. The argument made against it is, that the decree failing to show on its face that the court had jurisdiction of the subject matter was therefore absolutely void and subject to collateral attack. The circuit courts of this State have jurisdiction of the subject matter of divorce, and, being courts of general jurisdiction, every presumption will be indulged in favor of their decrees. Nothing will be presumed to be without their jurisdiction which does not specially appear to be so. The court having general jurisdiction of the subject matter will be presumed to have jurisdiction of the particular cause unless its want of jurisdiction affirmatively appears. In the decree in question want of jurisdiction does not affirmatively appear. Though it does not appear that the complainant was a resident of Marion county it does not affirmatively appear that she was not, and the court having rendered a decree, it will be presumed, as against a collateral attack, that the particular cause was within its jurisdiction.''

It is not necessary in this case to discuss whether C. F. Stoll was ever validly the Public Admin-

istrator of Lawrence county as that office has no bearing upon the facts in this case. The county court could have appointed any individual administrator and upon the application of the decedents' heir he appointed C. F. Stoll. If any irregularity occurred in said appointment, an interested party in the respective estates could have properly raised the point in the matter of said estates. It is too well established to permit of dispute that a party not interested in said estates would be in no position to object to the appointment of an administrator even before the county court who made that appointment. Only one actually interested in the estate, such as an heir or a creditor, could object to the appointment; a debtor of an estate is not one having such an interest. *In re Estate of Trost*, 292 Ill. App. 60.

From what has been said in the foregoing it is apparent that the defendants could not in this case collaterally attack the appointment of the administrator of the estates and that the suit for wrongful death having been filed within the statutory period, should not have been dismissed. The subsequent motion for leave to substitute C. F. Stoll as administrator *de bonis non* should have been allowed as a matter of course, in accordance with the broad terms of the statute. Ill. Rev. Stat. ch. 110, par. 178 [Jones Ill. Stats. Ann. 104.054].

For the foregoing reasons, the judgment of the court below is reversed and the cause remanded with directions to set aside the order dismissing said suit, and to permit the substitution of C. F. Stoll, administrator *de bonis non,* as party plaintiff, and for other proceedings herein not inconsistent with the views herein expressed.