Martin E. **HILLYARD**, Surviving Husband and Administrator of the Estate of Alma Mae Hillyard, Deceased, Plaintiff-Appellant,

v.

NATIONAL DAIRY PRODUCTS CORPORATION, Incorporated in Delaware, and Billy Frank Morris, Defendants-Appellees.

No. 13552.

United States Court of Appeals
Seventh Circuit.

April 3, 1962.

Terryl Fuller, Carmi, Ill., for appellant.

C. William Fechtig, Carmi, Ill., Ivan A. Elliott, Jr., Carmi, Ill., for appellees.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellant, Martin E. Hillyard, Surviving Husband and Administrator of the Estate of Alma Mae Hillyard, Deceased, has taken this appeal from summary judgment for the defendants-appellees, National Dairy Products Corporation, Incorporated in Delaware, and Billy Frank Morris, entered in the District Court on the ground that plaintiff-appellant had no standing in the District Court.

Mr. Hillyard brought action in the District Court under the Illinois Wrongful Death Statute to recover damages for the wrongful death of Alma Mae Hillyard on October 9, 1958, allegedly caused by the negligence of the defendants-appellees.

It is undisputed that Alma Mae Hillyard and Alma Mae McCormick are the same person. On petition of Raymond O. McCormick, described in the petition as the surviving husband of Alma Mae McCormick, letters of administration were issued March 6, 1959, by the County Court of White County, Illinois, to Herman Kittinger. The same wrongful death claim which is the basis for Mr. Hillyard's instant action was compromised and settled with approval of the White County Court and a release given to the defendants-appellees by Mr. Kittinger.

Mr. Hillyard contends that this issue of letters was void and of no effect because the White County Court lacked jurisdiction to issue letters of administration on Mr. McCormick's petition. Mr. Hillyard asserts that the marriage ceremony celebrated by Mr. McCormick and the decedent on November 20, 1955, was a nullity as Mr. McCormick's divorce from his previous wife was invalid. Thus, argues Mr. Hillyard, Mr. McCormick lacked the preference to be administrator or to nominate an administrator.

On December 19, 1957, without obtaining annulment or divorce with respect to the prior marriage to Mr. McCormick, the decedent married Mr. Hillyard.

On January 11, 1960, letters of administration on the decedent's estate were issued to Mr. Hillyard by the County

Court of White County, Illinois. Mr. Hillyard asserts that the County Judge knew that Alma Mae Hillyard and Alma Mae McCormick were the same person when he issued letters to Mr. Hillyard, but nothing in the record supports that contention.

Mr. Hillyard cites Lemmons v. Sims, 1944, 326 Ill.App. 97, 61 N.E.2d 764, and In re Estate of Trost, 1937, 292 Ill.App. 60, 10 N.E.2d 857, as authority for his theory that issue of letters to him may not be collaterally attacked, but considers that principle inapplicable to issue of the original letters on Mr. McCormick's petition.

The District Judge held that:

"The rule appears to be that two separate and valid grants of letters of administration cannot exist at the same time in the same court. Until a valid revocation of letters of administration already granted on an estate is made, the county court has no power or jurisdiction to appoint another as administrator *de bonis non* of the same estate, and an order for such appointment under such circumstances is absolutely void. An order appointing a special administrator to collect without revoking the letters of a duly qualified and acting executor is void. Hutton v. Porrovecchio, 188 Ill.App. 81. [citing Munroe v. The People, for use of Young, Admr., 102 Ill. 406] * * *

"Since the County Court of White County on petition of Raymond O. McCormick to appoint an administrator in the estate of Alma Mae McCormick did appoint Herman Kittinger as administrator of such estate, the court had no jurisdiction to appoint a subsequent administrator for the same estate until such time as the previous letters of administration had been set aside. * * *

"Since Martin E. Hillyard was not validly appointed personal representative, he is not the person entitled or permitted to bring this cause of action under the provisions of the Wrongful Death Statute. * * *

"The question of whether or not Raymond O. McCormick or Martin E. Hillyard is the surviving spouse of Alma Mae McCormick or Alma Mae Hillyard is not properly before this Court for consideration."

We are in complete agreement with the District Judge's statement of the applicable law. The judgment of the District Court is affirmed.